## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

JOHN MUELLER,

    Plaintiff,

v.

TRAVELERS CASUALTY COMPANY OF AMERICA,

    Defendant.

_____

## NOTICE OF REMOVAL
_____

    Defendant, Travelers Casualty Insurance Company of America ("Travelers"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from the Denver City and County District Court, Colorado to the United States District Court for the District of Colorado. As grounds, Travelers states as follows:

    Travelers is the Defendant in a civil action pending in the Denver City and County District Court, Colorado and styled *John Mueller v. Travelers Casualty Company of America*, Case No. 2018 CV 30872. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR. 81.1A, the register of actions and a complete copy of the file from the Denver City and County District Court is attached hereto. Specifically, the Complaint is attached as **Exhibit A1**, the Amended Complaint is attached as **Exhibit A2**, the Delay Reduction Order is attached as **Exhibit A3**, the return of service Amended Complaint is attached as **Exhibit A4**, the entry of Appearance is

attached hereto as **Exhibit A5**, an Unopposed Motion for Extension of Time to Respond to the Complaint is attached hereto as **Exhibit A6**, an Order Granting the Unopposed Motion for Extension of Time is attached hereto as **Exhibit A7** and a current docket sheet is attached hereto as **Exhibit A8**.

1. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable. Plaintiff served the Complaint on Travelers on March 13, 2018. **Exhibit C,** *Affidavit of Service[1]*. Accordingly, Travelers' thirty-day period for removal commenced on that date, with a corresponding deadline to remove of April 12, 2018.

2. The described civil action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), as the action is one between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**Diversity of Citizenship**

Plaintiff is an individual who is and was at all relevant times the owner of a commercial property located in Colorado. **Exhibit A2**, *Amended Complaint* at ¶1. In this Amended Complaint plaintiff's address is listed as 2111 West 29th Avenue, Denver, Colorado 80211 which makes him a citizen of Colorado as of the date of this action was filed. **Exhibit A2,** *Amended Complaint, p. 4*. Defendant Travelers is a foreign corporation with its principal place of business located in the state of Connecticut. *See* Certificate of Good Standing on file with Colorado Secretary of State, attached as **Exhibit D**. As Plaintiff is a citizen of Colorado and Travelers is a

---

[1] Prior to Travelers responding to the March 12, 2018 Complaint, Plaintiff filed an Amended Complaint on March 14, 2018

citizen of Connecticut, there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

### Amount in Controversy Exceeds Jurisdictional Requirements

3. Plaintiff's Amended Complaint alleges claims for breach of contract, bad faith breach of insurance contract, and statutory bad faith pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116. **Exhibit A1** at ¶¶ 16-26. Plaintiff has filed a civil cover sheet with its Complaint indicating that Plaintiff seeks a monetary judgment in excess of $100,000. **Exhibit B,** *Civil Cover Sheet. See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016) (civil cover sheet sufficient to demonstrate amount in controversy). In addition, Plaintiff seeks statutory attorney fees pursuant to C.R.S. § 10-3-1116. **Exhibit A2,** *Prayer for Relief* ¶ 26. A reasonable estimate of the attorney's fees that would be required to litigate this action through trial coupled with the damages plaintiff seeks to recover exceeds the jurisdictional threshold of $75,000. "The Supreme Court has long held that when a state permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933))

4. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008). Here, the allegations of Plaintiff's Complaint and the Civil Cover Sheet providing that Plaintiff seeks a monetary judgment in excess of $100,000 demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).

7.      Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, the matter is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1446.

8.      Promptly upon filing this Notice of Removal, Travelers shall give written notice of the filing to Plaintiff as required by law.  Travelers is concurrently filing a notice attaching this Notice of Removal with the Clerk of the Denver City and County District Court, Colorado.  A copy of that notice is attached hereto as **Exhibit E**.

WHEREFORE, Defendant Travelers requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 9th day of April, 2018.

                                              FORAN GLENNON PALANDECH
                                              PONZI & RUDLOFF PC

                                              By:  *s/Jonathan Koehler*
                                                    Amy M. Samberg
                                                    Jonathan T. Koehler
                                                    1600 Broadway, Ste. 2425
                                                    Denver, Colorado 80202
                                                    Telephone:  (720) 336-2243
                                                    asamberg@fgppr.com
                                                    jkoehler@fgppr.com
                                                  *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 9, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

M. Gabriel McFarland, No. 26167
Cyd Hunt, No. 15058
Evans & McFailand, LLC
910 13th Street, Suite 200
Golden, Colorado 80401
(303) 279-8300
gmcfarland@emlawyers.com
chunt@emlawyers.com
***Attorneys for Plaintiff***

                                              *s/ Letitia Conroy*
                                              Letitia Conroy