| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br>(720) 865-8301 | DATE FILED: March 12, 2018 1:26 PM<br>FILING ID: F4790FF196A4C<br>CASE NUMBER: 2018CV30872 |
| **Plaintiffs:** JOHN MUELLER and MARCIA MUELLER<br><br>v.<br><br>**Defendant:** TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiffs:**<br><br>M. Gabriel McFarland, No. 26167<br>Cyd Hunt, No. 15058<br>Evans & McFarland, LLC<br>910 13th Street, Suite 200<br>Golden, Colorado 80401<br>(303) 279-8300<br>gmcfarland@emlawyers.com<br>chunt@emlawyers.com | Case No.: _____<br><br>Div.: _____ |
| **COMPLAINT AND JURY DEMAND** | |

       Plaintiffs John and Marcia Mueller, through their counsel, M. Gabriel McFarland and Cyd Hunt of Evans & McFarland, LLC, complain against Defendant Travelers Casualty Insurance Company of America ("Travelers") as follows:

## PARTIES AND VENUE

       1.    Plaintiffs are individuals who are and were at all relevant times owners of commercial property located at 2111 West 29th Avenue, Denver, Colorado.

       2.    Defendant Travelers is a Connecticut corporation authorized to transact business and doing business in the State of Colorado.

       3.    This lawsuit follows an auto accident causing damage to Plaintiffs' property. On May 12, 2015, an intoxicated driver drove his vehicle into the Plaintiffs' commercial building located at 2111 West 29th Avenue, Denver, Colorado, causing extensive damage. The Plaintiffs' building was covered by an insurance policy issued by Travelers.

       4.    Venue is proper pursuant to C.R.C.P. 98(c).

**Exhibit A1**

## **GENERAL ALLEGATIONS**

5.  On May 12, 2015, an intoxicated driver drove into the Plaintiffs' building located at 2111 West 29th Avenue, Denver, Colorado, causing extensive damage.

6.  At the time of the collision, Plaintiffs had in place a commercial general liability insurance policy issued by Travelers, Policy No. 680-4D109691-14-42 ("Policy"), which included coverage for the damage to Plaintiffs' building.

7.  Plaintiffs had paid all premiums due relating to the Policy, and the Policy was valid and in effect on the date of loss.

8.  Immediately after the accident, Plaintiffs submitted a timely notice of their claim to Travelers.

9.  Because of the severity of the structural damage, the building was vulnerable to further deterioration. In mitigation of this danger, Plaintiffs promptly retained a structural engineer to assess the issues and propose a comprehensive repair plan, which Plaintiffs immediately submitted to Travelers.

10. Travelers refused to accept the proffered report and recommendations, and instead subjected Plaintiffs to over two years of unreasonable demands for inspections, appraisals, and bids. Throughout this time, Travelers also refused to commit to covering an adequate repair process and unreasonably declined to acknowledge liability for the necessary repairs. As anticipated, the delay resulted in additional deterioration of and damage to the building, and continues to do so as of the filing of this action.

11. Eventually, Travelers baselessly speculated that some of the damage to the building was not in fact caused by the May 12, 2015 collision, and informed Plaintiffs that Travelers would not commit to covering repairs to the building foundation unless the impacted wall was removed to allow further (unnecessary) inspection. Responding to this facially unreasonable demand would have required Plaintiffs to, *inter alia*, acquire a demolition permit, expose the building to the elements and yet more damage, and evict their tenant in the interim.

12. With the parties at an impasse regarding the extent of Travelers' liability, Plaintiffs invoked a Policy provision whereby Travelers and Plaintiffs each select an independent appraiser to assess the damages, the appraisers in turn select an "umpire," and the three then resolve the dispute; Plaintiffs promptly notified Travelers of their selection of an appraiser.

13. Nonetheless, Travelers further delayed the resolution of Plaintiffs' claim and the performance of critical repairs by demanding a "bifurcated" appraisal process, significantly more complex and protracted than the procedure provided for in the Policy. To date, little progress has been made toward resolving Plaintiffs' claim via the appraisal procedure provided by the Policy.

14. Plaintiffs have complied with their obligations under the Policy, including cooperating with Travelers' extensive and unreasonable demands.

15. Nonetheless, Travelers has failed and refused to pay the amounts properly due

**Exhibit A1**

and payable as benefits under the Policy.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

16. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

17. Travelers entered into an insurance contract with Plaintiffs.

18. Travelers breached its insurance contract with Plaintiffs by failing to timely and properly investigate and adjust Plaintiffs' claim and to pay benefits to which Plaintiffs are entitled.

19. Travelers' breach has caused Plaintiffs to incur damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

20. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

21. Travelers owed Plaintiffs a duty of good faith and fair dealing with respect to all matters pertaining to the provision of insurance.

22. Travelers breached the duty of good faith and fair dealing, as set forth above.

23. As a result of Travelers' bad faith, Plaintiffs suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (C.R.S. § 10-3-1115 and § 10-3-1116)

24. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

25. Travelers' unreasonable delay in the payment of benefits and partial denial of Plaintiffs' claim were unreasonable.

26. Pursuant to C.R.S. § 10-3-1116(1), Plaintiffs are entitled to reasonable attorney fees, court costs, and two times the covered benefit.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**Exhibit A1**

WHEREFORE, Plaintiffs demand entry of judgment against Defendant on their claims for relief in an amount that will compensate them for all damages, plus interest, costs, statutory bad faith damages in an amount double the covered benefit, and attorney fees.

Dated: March 12, 2018.

                **EVANS & MCFARLAND, LLC**

*The original signature is on file at Evans & McFarland, LLC*

By: *s/* M. Gabriel McFarland
      M. Gabriel McFarland
      Cyd Hunt

**Plaintiffs' address:**
2111 West 29th Avenue
Denver, Colorado  80211

**Exhibit A1**