| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br>(720) 865-8301 | DATE FILED: March 14, 2018 1:34 PM<br>FILING ID: 138A08E2FC13E<br>CASE NUMBER: 2018CV30872 |
| **Plaintiff:** JOHN MUELLER<br><br>v.<br><br>**Defendant:** TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff:**<br><br>M. Gabriel McFarland, No. 26167<br>Cyd Hunt, No. 15058<br>Evans & McFarland, LLC<br>910 13th Street, Suite 200<br>Golden, Colorado 80401<br>(303) 279-8300<br>gmcfarland@emlawyers.com<br>chunt@emlawyers.com | Case No.: 2018CV030872<br><br>Div.: 203 |
| **AMENDED COMPLAINT AND JURY DEMAND** | |

Plaintiff John Mueller, through his counsel, M. Gabriel McFarland and Cyd Hunt of Evans & McFarland, LLC, complains against Defendant Travelers Casualty Insurance Company of America ("Travelers") as follows:

## PARTIES AND VENUE

1.      Plaintiff is an individual who is and was at all relevant times owner of commercial property located at 2111 West 29th Avenue, Denver, Colorado.

2.      Defendant Travelers is a Connecticut corporation authorized to transact business and doing business in the State of Colorado.

3.      This lawsuit follows an auto accident causing damage to Plaintiff's property.  On May 12, 2015, an intoxicated driver drove his vehicle into the Plaintiff's commercial building located at 2111 West 29th Avenue, Denver, Colorado, causing extensive damage.  The Plaintiff's building was covered by an insurance policy issued by Travelers.

4.      Venue is proper pursuant to C.R.C.P. 98(c).

**Exhibit A2**

## **GENERAL ALLEGATIONS**

5.      On May 12, 2015, an intoxicated driver drove into the Plaintiff's building located at 2111 West 29th Avenue, Denver, Colorado, causing extensive damage.

6.      At the time of the collision, Plaintiff had in place a commercial general liability insurance policy issued by Travelers, Policy No. 680-4D109691-14-42 ("Policy"), which included coverage for the damage to Plaintiff's building.

7.      Plaintiff had paid all premiums due relating to the Policy, and the Policy was valid and in effect on the date of loss.

8.      Immediately after the accident, Plaintiff submitted a timely notice of his claim to Travelers.

9.      Because of the severity of the structural damage, the building was vulnerable to further deterioration.  In mitigation of this danger, Plaintiff promptly retained a structural engineer to assess the issues and propose a comprehensive repair plan, which Plaintiff immediately submitted to Travelers.

10.     Travelers refused to accept the proffered report and recommendations, and instead subjected Plaintiff to over two years of unreasonable demands for inspections, appraisals, and bids.  Throughout this time, Travelers also refused to commit to covering an adequate repair process and unreasonably declined to acknowledge liability for the necessary repairs.  As anticipated, the delay resulted in additional deterioration of and damage to the building, and continues to do so as of the filing of this action.

11.     Eventually, Travelers baselessly speculated that some of the damage to the building was not in fact caused by the May 12, 2015 collision, and informed Plaintiff that Travelers would not commit to covering repairs to the building foundation unless the impacted wall was removed to allow further (unnecessary) inspection.  Responding to this facially unreasonable demand would have required Plaintiff to, *inter alia*, acquire a demolition permit, expose the building to the elements and yet more damage, and evict his tenant in the interim.

12.     With the parties at an impasse regarding the extent of Travelers' liability, Plaintiff invoked a Policy provision whereby Travelers and Plaintiff each select an independent appraiser to assess the damages, the appraisers in turn select an "umpire," and the three then resolve the dispute; Plaintiff promptly notified Travelers of his selection of an appraiser.

13.     Nonetheless, Travelers further delayed the resolution of Plaintiff's claim and the performance of critical repairs by demanding a "bifurcated" appraisal process, significantly more complex and protracted than the procedure provided for in the Policy.  To date, little progress has been made toward resolving Plaintiff's claim via the appraisal procedure provided by the Policy.

14.     Plaintiff has complied with his obligations under the Policy, including cooperating with Travelers' extensive and unreasonable demands.

15.     Nonetheless, Travelers has failed and refused to pay the amounts properly due

**Exhibit A2**

and payable as benefits under the Policy.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

16.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

17.     Travelers entered into an insurance contract with Plaintiff.

18.     Travelers breached its insurance contract with Plaintiff by failing to timely and properly investigate and adjust Plaintiff's claim and to pay benefits to which Plaintiff is entitled.

19.     Travelers' breach has caused Plaintiff to incur damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

20.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

21.     Travelers owed Plaintiff a duty of good faith and fair dealing with respect to all matters pertaining to the provision of insurance.

22.     Travelers breached the duty of good faith and fair dealing, as set forth above.

23.     As a result of Travelers' bad faith, Plaintiff suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (C.R.S. § 10-3-1115 and § 10-3-1116)

24.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

25.     Travelers' unreasonable delay in the payment of benefits and partial denial of Plaintiff's claim were unreasonable.

26.     Pursuant to C.R.S. § 10-3-1116(1), Plaintiff is entitled to reasonable attorney fees, court costs, and two times the covered benefit.

### PLAINTIFF DEMANDS A TRIAL BY JURY.

**Exhibit A2**

WHEREFORE, Plaintiff demands entry of judgment against Defendant on his claims for relief in an amount that will compensate him for all damages, plus interest, costs, statutory bad faith damages in an amount double the covered benefit, and attorney fees.

Dated: March 14, 2018.

EVANS & MCFARLAND, LLC

*The original signature is on file at Evans & McFarland, LLC*

By: *s/ M. Gabriel McFarland*
M. Gabriel McFarland
Cyd Hunt

**Plaintiff's address:**
2111 West 29th Avenue
Denver, Colorado  80211

**Exhibit A2**